UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

BRANDY L. BOND,

        Plaintiff,

                                       Case No. 20-cv-910-pp

    v.

NINA BOND,
MILWAUKEE COUNY BEHAVIORAL HEALTH DIVISION,
JENNIFER NICHOLS, TINA YEGGER,
MILWAUKEE BEHAVIORAL HEALTH ASSOCIATES ,
and NIKKI, "CNA NIKKI",

        Defendants.

---

**ORDER GRANTING PLAINTIFF'S MOTION TO PROCEED WITHOUT PREPAYING FILING FEE (DKT. NO. 2) AND SCREENING COMPLAINT**

---

The plaintiff, representing herself, filed a complaint against "CNA Known as Nikki" alleging that Nikki and others violated her constitutional rights. Dkt. No. 1 at 3. Among other things, the plaintiff says that Nikki violated her First Amendment right to free speech, her Fifteenth Amendment right to pursue happiness, her right to protest unlawful government actions, her right to "refuse harmful drugs" and her religious freedoms. Id. She also alleges that Nina Bond obstructed her right to "use memory resurfacing techniques in order to recall memories blocked out of [her] childhood due to abuse." Id. She alleges that she was subjected to cruel and unusual punishment. Id. at 4. The plaintiff also filed a motion to proceed without prepaying the filing fee. Dkt. No. 2. This order grants the plaintiff's motion for leave to proceed without prepaying the filing fee and screen the plaintiff's complaint.

1

## I.  Plaintiff's Motion to Proceed without Prepaying the Filing Fee (Dkt. No. 2)

To allow the plaintiff to proceed without prepaying the filing fee, the court first must decide whether the plaintiff can pay the fee; if not, it must determine whether the lawsuit is frivolous, malicious, or fails to state a claim upon which relief can be granted. 28 U.S.C. §§1915(a) and 1915(e)(2)(B)(i). The plaintiff's request to proceed without prepaying the fee says that she earns $695 each month and has one son (age seven). The plaintiff says that she has monthly expenses totaling $695, but that includes $150 (alimony or child support), $400 household expenses, $125 electric, $75 cable and $100 phone. The plaintiff owns a car valued at $5,500, a home valued at $35,000, a "city home" valued at $15,000 and a 401k with $25,000. Dkt. No. 2 at 3, 4. Although it is not clear whether the plaintiff owns multiple properties, it does not appear that she has the ability to pay the filing fee given her current income and expenses.

This does not mean that the plaintiff does not owe the filing fee; the Seventh Circuit has held that "every . . . person who proceeds [without prepaying the filing fee]" is "liable for the full fees," because "all [28 U.S.C.] § 1915(a) does for any litigant is excuse the pre-payment of fees." Robbins v. Switzer, 104 F.3d 895, 898 (7th Cir. 1997); see also Rosas v. Roman Catholic Archdiocese of Chi., 748 F. App'x 64, 65 (7th Cir. 2019) ("Under 28 U.S.C. § 1915(a), a district court may allow a litigant to proceed 'without prepayment of fees,' but not without ever paying fees."). Because the plaintiff has filed at least seven cases in this district, she should be aware that she is responsible for the filing fees even if the court grants her leave to proceed without prepaying the filing fee and even if it later dismisses the case.

2

## II. Screening

The court next must decide whether the plaintiff has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b). To state a claim under the federal notice pleading system, a plaintiff must provide a "short and plain statement of the claim" showing that she is entitled to relief. Fed. R. Civ. P. 8(a)(2). A plaintiff does not need to plead every fact supporting her claims; she needs only to give the defendants fair notice of the claim and the grounds upon which it rests. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). At the same time, the allegations "must be enough to raise a right to relief above the speculative level." Id. The court must liberally construe the allegations of her complaint. Erickson v. Pardus, 551 U.S. 89, 94 (2007).

The plaintiff filed her complaint on June 16, 2020, alleging that two months earlier (on April 24, 2020), Nina Bond and city and county officials "colluded" to have the plaintiff committed to "Milwaukee counties behavioral Health" (even though Nina Bond had not seen "[the plaintiff] in person for over three years").[1] Dkt. No. 1 at 3. The plaintiff alleges that after a fifteen minute interaction between the plaintiff and Nina Bond—whom, the plaintiff says, was "in the middle of the street crying"—Bond called "and Milwaukee police." Id. The plaintiff says, for the record, that Nina Bond has said to the plaintiff and others that the plaintiff was evil and that Nina Bond hated the plaintiff as early as "age six years old in [the plaintiff's] life." Id. She asserts that on one occasion

---

[1] The plaintiff did not list Nina Bond as a defendant on the first page of the complaint and does not explain who Nina Bond is.

3

when she was a child, Nina Bond pursued the plaintiff, with Bond's brother Houston Bond punching the plaintiff in the stomach and turning her in to mental health. Id. The plaintiff claims that Nina Bond made a false accusation that the plaintiff was a "harm" to herself and others. Id. She contends that Nina Bond obstructed the plaintiff's right to "use memory resurfacing techniques in order to recall memories blocked out" of the plaintiff's childhood due to abuse. Id.

The plaintiff says that while she was in Milwaukee County Behavioral Health against her will, a "CNA known as Nikki" subjected the plaintiff to cruel and unusual punishment. Id. Nikki allegedly bound the plaintiff's arms and ankles to a bed for refusing to take drugs and, along with other Milwaukee County behavioral health employees, verbally abused the plaintiff, stating "you're ugly and you need your hair done." Id. The plaintiff says that the abuse was "constant, overwhelming and permanently damaging." Id. While the plaintiff remained inpatient for three weeks, she spent two weeks "in a comatose state due to being drugged up by needles by the Milwaukee County behavioral staff." Id. According to the plaintiff, in order to be released she was forced to sign a six-month commitment "under distress without seeing a judge or consulting" her attorney. Id.

The plaintiff alleges that following her release, Milwaukee County employee Jennifer Nichols (whom she says also made the April 24 decision to make her an in-patient and force drugs on her) came to the plaintiff's house and threatened to "throw" the plaintiff "back into Milwaukee County behavioral Health" if the plaintiff did not take drugs that the plaintiff alleges were causing harm to her body. Id. at 4. The plaintiff says the drugs weren't available to her

4

due to insurance and that Nichols' behavior caused the plaintiff to have multiple anxiety attacks. Id.

The plaintiff also alleges that Milwaukee County Mental Associates and employee Tina Yegger violated her religious freedoms by attempting to force the plaintiff to see a psychiatrist and take psychotropic drugs. Id.

The plaintiff sums up her claim as follows:

> It is my intent to prove that the law is not being demonstrated in a generally applicable fashion while current looters and protesters are not being subject to the same cruel and unusual punishment that I was subject to in protest of the stay at home order and general unconstitutional practices that are negatively affecting my quality-of-life being demonstrated by Nina Bond, Jennifer Nichols, CNA for Milwaukee county only known as Nikki and Tina Yegger. I seek immediate relief to their unconstitutional actions along with $250,000 in compensation for defamation of character, physical and emotional abuse, violation of civil rights, pain and suffering and violation of religion freedoms and other constitutional rights.

Id.

There are limits on the kinds of cases that a federal court may consider. It can consider and decide cases that involve violations of federal laws or the federal Constitution, 28 U.S.C. §1331, or lawsuits between citizens of different states when the amount in controversy exceeds $75,000. The plaintiff alleges violations of her constitutional rights, suing someone named "CNA known as Nikki." To bring a claim for a violation of constitutional rights, the plaintiff must proceed under 42 U.S.C. §1983 and allege that: 1) she was deprived of a right secured by the Constitution or laws of the United States; and 2) the person who deprived her of that right was acting under color of state law. Buchanan-Moore v. Cty. of Milwaukee, 570 F.3d 824, 827 (7th Cir. 2009) (citing Kramer v. Vill. of N. Fond du Lac, 384 F.3d 856, 861 (7th Cir. 2004)). Section 1983 limits liability to public employees who are personally responsible for a constitutional violation. Burks v. Raemisch, 555 F.3d 592, 595-96 (7th

5

Cir. 2009). For liability to attach, the individual defendant must have caused or participated in a constitutional violation. Hildebrandt v. Ill. Dep't of Nat. Res., 347 F.3d 1014, 1039 (7th Cir. 2003).

The plaintiff named only Nikki in the caption of her complaint and she says that Nikki worked as a CNA at the Milwaukee County Behavioral Health Division while the plaintiff was there as a patient. It is possible that Nikki was a Milwaukee County employee for purposes of §1983. The plaintiff alleges that Nikki bound her to the bed and injected her with medications against her will. Judge Peterson in the Western District of Wisconsin has noted that neither the Supreme Court nor the Seventh Circuit has decided whether civilly committed individuals have a constitutional right to refuse psychotropic drugs. Kreger-Mueller v. Doe, No. 18-cv-708-jdp, 2019 WL 4256832, at *4 (W.D. Wis. Sept. 9, 2019) (citing Disability Rights N.J., Inc. v. Comm'r, N.J. Dep't of Human Servs., 796 F.3d 293, 296 (3d Cir. 2015) (discussing history of Supreme Court litigation on this issue); see also Sherman v. Four Cty. Counseling Ctr., 987 F.2d 397, 408-09 (7th Cir. 1993) (discussing relevant case law in context of assessing whether law was clearly established for qualified-immunity purposes)). Because the Supreme Court has held that prisoners have "a significant liberty interest in avoiding the unwanted administration of antipsychotic drugs," Washington v. Harper, 494 U.S. 210, 221 (1990), Judge Peterson allowed an individual who was civilly committed to proceed past screening. Kreger-Mueller v. Doe, 2019 WL 4256832, at *4. This court will adopt the same analysis.

When the plaintiff filed her complaint, the clerk's office identified several individuals and entities mentioned in the complaint—individuals and entities who were *not* named in the caption on the first page—and included them on

the docket as defendants. The plaintiff alleges that only one of these defendants, Jennifer Nichols, is a county employee who visited the plaintiff at home and threatened to return the plaintiff to inpatient status if the plaintiff did not take her medications. While that alone may not give rise to a constitutional violation, the plaintiff adds that Nichols was one of the staff members that forced drugs on her on April 24, 2020. Dkt. No. 1 at 4. The court will allow the plaintiff to proceed against defendants CNA Nikki and Jennifer Nichols, both of whom appear to be county employees.

The clerk's office added the Milwaukee County Behavioral Health Division as a defendant because the plaintiff mentioned that agency in the complaint. Milwaukee County Behavioral Health Division, however, is not a legal entity separable from the county government that it serves and is therefore not a proper defendant. Walker v. Clarke, No. 20-CV-542, 2020 WL 2520794, *2 (E.D. Wis. May 18, 2020) ("Because the Milwaukee County Behavioral Health Division is a division of the Department of Health and Human Services, which is a department of Milwaukee County, the Behavioral Health Division is not a proper defendant in this case."); see also Whiting v. Marathon Cty. Sheriff's Dep't, 382 F.3d 700, 704 (7th Cir. 2004).

Similarly, the plaintiff mentions Milwaukee Behavioral Health Associates and Tina Yegger. Section 1983 restrains *government* action. The plaintiff provides no information that would allow the court to conclude that either of these defendants are state actors or otherwise were acting on the government's behalf. The court will dismiss them as defendants.

Finally, it appears that Nina Bond is a private individual and not a state actor. The plaintiff alleges that Nina Bond colluded with the county but has not alleged that she worked for the county or was a subcontractor for the county. A

Case 2:20-cv-00910-PP   Filed 12/06/21   Page 7 of 9   Document 6

citizen cannot ordinarily be held liable under §1983 because that statute requires that the defendant have acted "under color of state law," or that a private citizen defendant conspire with a state actor. <u>Brokaw v. Mercer Cty.</u>, 235 F.3d 1000, 1015 (7th Cir. 2000). A mere allegation of conspiracy is insufficient. <u>Id.</u>; <u>see also</u> <u>Cooney v. Rossiter</u>, 583 F.3d 967, 970 (7th Cir. 2009).

Liberally construing her allegations, the court will allow the plaintiff to proceed against defendants Jennifer Nichols and "CNA known as Nikki." The court will dismiss the remaining defendants.

### III.    Conclusion

The court **GRANTS** the plaintiff's motion for leave to proceed without prepaying the filing fee. Dkt. No. 2.

The court **DISMISSES** defendants Nina Bond, Milwaukee County Behavioral Health Division, Tina Yegger and Milwaukee Behavioral Health Associates.

The court **ORDERS** that, under Federal Rule of Civil Procedure 4, the United States Marshal shall serve a copy of the complaint and this order on defendants Jennifer Nichols and a "CNA known as Nikki," who worked at the Milwaukee County Behavioral Health Division on or about April 24, 2020. The court advises the plaintiff that Congress requires the U.S. Marshals Service to charge for making or attempting service. 28 U.S.C. §1921(a). The current fee for waiver-of-service packages is $8.00 per item mailed. The full fee schedule is provided at 28 C.F.R. §§0.114(a)(2), (a)(3). Although Congress requires the court to order service by the U.S. Marshals Service precisely because indigent plaintiffs do not have the funds to pay filing fees, it has not made any provision for these service fees to be waived by either the court of the U.S. Marshals Service.

8

The court **ORDERS** that the defendants must answer or otherwise respond to the complaint within the time allowed by the Federal Rules of Civil Procedure.

The court **ORDERS** that plaintiff must submit all correspondence and pleadings to:

United States District Court
Eastern District of Wisconsin
Office of the Clerk
362 United States Courthouse
517 E. Wisconsin Avenue
Milwaukee, WI 53202

DO NOT MAIL ANYTHING DIRECTLY TO CHAMBERS. It will only delay the processing of the case.

The plaintiff must communicate only with the defendants' lawyer. The parties may not begin discovery (asking each other for documents) until after the defendants have answered or otherwise responded to the complaint and the court has issued a scheduling order setting deadlines for completing discovery and filing dispositive motions. The plaintiff should keep a copy of every document she files with the court. If the plaintiff's address changes, she must notify the court immediately; if she doesn't, she may not receive important notices and documents relating to her case. If the plaintiff does not file documents by the deadlines the court sets, the court could dismiss her case for failure to diligently prosecute it. Civil Local Rule 41(c) (E.D. Wis.).

Dated in Milwaukee, Wisconsin this 6th day of December, 2021.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**

9