BRANDY L BOND,

        Plaintiff,

  v.                                        Case No. 20-cv-910-pp

JENNIFER NICHOLS,
and CNA NIKKI,

        Defendants.

---

**ORDER DENYING WITHOUT PREJUDICE PLAINTIFF'S MOTIONS TO AMEND COMPLAINT AND MOTION TO APPOINT COUNSEL (DKT. NO. 15), GRANTING DEFENDANT'S MOTION TO STRIKE UPDATED CLAIM (DKT. NO. 19), DENYING PLAINTIFF'S MOTION TO STRIKE (DKT. NO. 21), AND DENYING PLAINTIFF'S MOTION FOR REQUESTS FOR ADMISSIONS (DKT. NO. 23)**

---

      On December 6, 2021, the court granted the plaintiff's motion to proceed without prepaying the filing fee and dismissed all defendants except Jennifer Nichols and "CNA Nikki." Dkt. No. 6. The U.S. Marshals service served Nichols but could not locate "CNA Nikki" without additional information. Dkt. No. 11. After the court ordered the parties to file their Rule 26 report, dkt. no. 14, the plaintiff filed a motion to amend the complaint and a request for the court to appoint counsel, dkt. no. 15. The court issued a scheduling order on April 26, 2022. Dkt. No. 17. The court subsequently received from the plaintiff a four-page "updated claim," dkt. no. 18, which the defendant moved to strike, dkt. no. 19. The plaintiff since has filed an "objection" to providing medical records. Dkt. No. 20. On August 11, 2022, the court received from the plaintiff her own

1

motion to "strike from the record any claims made, by Dr. Noah Jeanette Due to a failure of do [sic] diligence to investigate claims made to him by myself Brandy Bond informing him that it was in fact Nina Bond who drove recklessly and murdered a woman." Dkt. No. 21. The plaintiff attached twenty-three pages of exhibits, which include the definition of a psychopath from www.healthline.com/health/psychopath; an affidavit of service regarding temporary detention; medical records; an April 23, 2020 order finding the plaintiff suffers from a mental illness and poses a threat to self or others (from Milwaukee County Circuit Court Probate Division); a statement of emergency detention; a notice of final hearing; and petition for medication order. Dkt. No. 21-1.

The court will deny the motion to amend because the plaintiff has not complied with the federal procedural rules and has not identified the new claims and/or new defendants. Dkt. No. 15. The court will strike the plaintiff's "Updated Claim" because it is not a properly filed pleading. Dkt. No 19. The court will deny the plaintiff's motion to appoint counsel because she has not demonstrated that she has made any attempt to find counsel herself. Dkt. No. 15. The court will deny the plaintiff's motion to strike because she has not identified any pleadings that would be the proper subject of a motion to strike. Dkt. No. 21. Finally, the court will deny the plaintiff's motion for admissions because parties serve discovery demands on opposing counsel, not through the court. Dkt. No. 23.

**I. Plaintiff's Motion to Amend Complaint and Appoint Counsel (Dkt. No. 15); Defendant's Civil L.R. 7(h) Expedited Non-Dispositive Motion to Strike Plaintiff's "Updated Claim" (Dkt. No. 19)**

    A.    <u>Plaintiff's Motion to Amend Complaint (Dkt. No. 15)</u>

A party may amend a pleading as a matter of course within twenty-one days of serving it or twenty-one days after service of a responsive pleading. Federal Rule of Civil Procedure 15(a)(1). In all other cases, a party may amend only with the court's leave. Fed. R. Civ. P. 15(a)(2). The rule instructs the court to freely give leave when justice so requires. <u>Id.</u> "[C]ourts should not deny leave absent a 'good reason'—such as futility, undue delay, prejudice, or bad faith." <u>Kreg Therapeutics, Inc. v. VitalGo, Inc.</u>, 919 F.3d 405, 417 (7th Cir. 2019) (quoting Life <u>Plans, Inc. v. Sec. Life of Denver Ins</u>. Co., 800 F.3d 343, 357 (7th Cir. 2015)). District courts have "broad discretion" to decide whether to allow an amendment. <u>Levan Galleries LLC v. City of Chi.</u>, 790 F. App'x 834, 835–36 (7th Cir. 2020) (quoting <u>Garner v. Kinnear Mfg. Co.</u>, 37 F.3d 263, 269 (7th Cir. 1994)).

Once the court has issued a scheduling order, Rule 16(b)(3)(A) may apply to limit the amendment of pleadings. See <u>Alioto v. Town of Lisbon</u>, 651 F.3d 715, 719 (7th Cir. 2011). Under Rule 16(b)(4), the scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). When the deadline for amending pleadings has passed, the court first considers the Rule 15(a)(2) requirements. <u>Alioto</u>, 651 F.3d at 719. In considering good cause under Rule 16, "the primary consideration for district courts is the diligence of the party seeking amendment." <u>Id.</u> at 720. District

3

courts have broad discretion when deciding whether to give leave to amend, and should consider the presence of "undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies, undue prejudice to the defendants, or [whether] the amendment would be futile." Gonzalez-Koeneke v. West, 791 F.3d 801, 807 (7th Cir. 2015). In addition to the Federal Rules of Civil Procedure, Civil Local Rule 15 (E.D. Wis.) requires that a motion to amend a pleading "state specifically what changes are sought by the proposed amendments" and the proposed amended pleading must be filed as an attachment. Civil L.R. 15(b).

The plaintiff filed a motion on April 19, 2022, asking to amend the complaint "so it may be written to reflect recent dismissals." Dkt. No. 15. The court assumes the plaintiff was referring to the order the court had issued four months earlier dismissing defendants Nina Bond, Milwaukee County Behavioral Health Division, Tina Yegger and Milwaukee Behavioral Health Associates. Dkt. No. 6 at 8. But the court did not order the plaintiff to file an amended complaint after dismissing these defendants. Nor did the plaintiff follow this court's Civil Local Rule 15(b), which requires that a party seeking to amend a pleading must file as an attachment to the motion the proposed amended pleading. The plaintiff did not attach her proposed amended complaint to her motion for leave to amend.

The plaintiff's motion also states that a year had passed since she'd filed the lawsuit and that "new evidence has arisen as well as new damages." Dkt. No. 15. She stated that she wanted to "request permission to add new

4

defendants." Id. The motion does not identify the "new evidence," the "new damages" or the "new defendants," and as the court has noted, the plaintiff did not attach to the motion a proposed amended complaint that might have identified these things.

At any rate, the plaintiff's motion was unnecessary. At the time the plaintiff filed the motion for leave to amend, she did not need the court's permission to amend the complaint, because the defendant had filed an answer only nineteen days earlier. Because Fed. R. Civ. P. 15(a)(1) allows a party to amend a pleading without leave of court if the parties does so within twenty-one days of service of the responsive pleading, if the plaintiff had simply filed the amended complaint instead of filing a motion for leave to do so, the amended complaint would have been timely filed and the plaintiff would not have needed the court's permission. Four days after the court received the plaintiff's motion to amend, the parties filed a joint Rule 26(f) report. Dkt. No. 16. The plaintiff indicated in that report that she intended to amend the pleadings and agreed to a June 15, 2022 deadline for doing so. Id. at 3. The court issued the scheduling the order on April 26, 2022 and set a June 15, 2022 deadline for filing amended pleadings. Dkt. No. 17. Once the court had entered the scheduling order, that order extended the plaintiff's deadline for amending the complaint without the court's permission to June 15, 2022. As long as the plaintiff filed her proposed amended complaint by June 15, 2022, she did not need the court's permission. The day before the June 15, 2022 deadline for amending the pleadings, the court received from the plaintiff a

5

document titled "Updated Claim." Dkt. No. 18. The court suspects that the plaintiff intended this document to be her proposed amended complaint. If so, she timely filed the pleading because she filed it before the June 15, 2022 deadline. The court will deny the plaintiff's motion for leave to file an amended complaint. Dkt. No. 15.

B.   Defendant Jennifer Nichols' Motion to Strike (Dkt. No. 18)

Defendant Jennifer Nichols responded to the "updated claim" with an expedited motion to strike, arguing that the "updated claim" does not meet the requirements of Federal Rules of Civil Procedure 10(b), 8(d) or Civil Local Rules 10(a) and 15(a). Dkt. No. 19 at 1. The defendant assumes that the plaintiff's "updated claim" was intended to comply with the June 15, 2022 deadline for amending pleadings and adding parties. Id. at 2. The defendant points out, however, that Rule 12(f) allows a court to strike "any redundant, immaterial, impertinent or scandalous matter" from a pleading. Fed. R. Civ. P. 12(f). The defendant argues that Rule 12(f) is designed to reinforce Rule 8 (which requires pleadings to be simple, concise and direct). Id. The defendant also emphasizes Rule 10(b), which requires a plaintiff to state her claims in numbered paragraphs, limiting each—as far as practicable—to a single set of circumstances. Id. (citing Civil L.R. 10(a)). The defendant refers to the "updated claim" as "four pages of disorganized, stream of consciousness and vague allegations apparently concerning multiple incidents, against a variety of persons." Id. at 3. The defendant argues that there are allegations against people who are not parties and that the plaintiff fails to properly identify new

6

parties. Id. She also argues that the "updated claim" does not allege a claim upon which to base the plaintiff's claim of $1 million in lost revenue or "the lost of $200,000 in capital and rent monies." Id. The plaintiff did not respond to the defendant's motion to strike.

The plaintiff did not use the court's official complaint form for the "updated claim" (as she had done when she filed the original complaint). The "updated claim" contains a four-page narrative beginning with the plaintiff's retrieval of memories of "abuse, identity theft and stolen wealth on April 17, 2020." Dkt. No. 18 at 1. It explains that the plaintiff was taken to the Milwaukee County Behavioral Mental Health Complex on April 17, 2020 and remained there until May 24, 2020. Id. Throughout that period, the plaintiff believes she was only conscious for "about 7 or 8 days." Id. She now believes that she was "sexually molested and offered cast [sic] for prostitution inside of the complex" and asserts that a CNA known as Mike offered her food for sex (giving her Taco Bell). Id. at 2.

The "updated claim" says that the plaintiff lost $200,000 in capital and rent monies. Id. at 3. It states:

> I am suing under federal civil rights action number 1983. For violation of constitutional rights I am seeking $1 million in lost income. Plus damages for pain and suffering. I was not able to use the bathroom by myself or speak for over a month it took over two years of physical rehabilitation. And I am still in the therapy to this day due to the action. For over a year I was not able to eat, sleep, count or do day-to-day business. I was also stalked and harassed by the Milwaukee County mental Health disability service groups whom attempted to collect the rent and Social Security Checks on my behalf. I made over 100 calls to Milwaukee County officials and their affiliates regarding the unconstitutional action. Sometimes the calls were hung up in my face, ignored. Or reports were taken by the

> office is a Cavalier Johnson with no action. The office is a Felicia Martin with no action. The sheriffs department with no action. The police department with no action. And the offices of Milwaukee County executive David Crowley with no response. As previously stated the case was in state court for appeal which no lawyer found the action worth pursuing while collecting hourly wages from the state. I was pursued to the point that I needed to leave the state of Wisconsin which put me in a predatory situation and caused me to spend tens of thousands of dollars instead of working on my Amazon fashion business, my Bond Bond and Rooney real estate business, while others took control of my HSED educational and other credentials. This has been permanently damaging to my career, my reputation and my finances and I see immediate settlement. My privacy constitutional rights and reputation have been permanent compromised.

Id. at 3-4.

At the end of the "updated claim," the plaintiff includes the following list:

> Appendix
> Further negligent actors have been identified
> If Judge Pepper feels that these actors are also responsible
> I can create a separate list to add as defendants
> - This list including county executive David Crowley
> - Two unnamed Milwaukee police officers
> - Melissa Nicholson
> - Various Milwaukee can see mental health agencies
> - The state of Wisconsin
> - CNA only known as Mike

Id. at 4. Although the plaintiff says that "[f]urther negligent actors have been identified," she does not explain who those actors are. Other than the allegation that "Mike" offered her food for sex, the plaintiff does not allege any facts indicating that Crowley, the two unnamed Milwaukee police officers or Melissa Nicholson violated her rights. She does not specifically explain which

8

"various" Milwaukee mental health agencies violated her rights or how, nor does she explain what the State of Wisconsin did to violate her rights.

The "updated claim" is not an amended complaint, even if the plaintiff might have intended it to be. First, the court's local rule requires that "[a]ny amendment to a pleading, whether filed as a matter of course or upon a motion to amend, must reproduce the entire pleading as amended . . . ." Civil L.R. 15(a). The plaintiff did not reproduce the allegations from the original complaint. Second, like the original complaint, the amended pleading must identify who violated the plaintiff's rights, what each defendant did, when they did it, where it happened, and why (if the plaintiff knows). The court cannot determine those critical facts from the "updated claim." Third, as the defendant points out, the "updated claim" does not comply with Fed. R. Civ. P. 10. It does not have a "caption" with the court's name and the names of all the parties, as required by Rule 10(a). It does not state the plaintiff's claims in numbered paragraphs, each limited to a single set of circumstances, as required by Rule 10(b).

Fourth, an amended pleading must "arise from the same transaction or occurrence as did the original claim as provided in Rule 15(c)(2)." Mitchell v. CFC Financial LLC, 230 F.R.D. 548, 550 (E.D. Wis. 2005). The plaintiff's original complaint alleged that on April 24, 2020, several individuals colluded to have the plaintiff committed to Milwaukee County Behavioral Health and that she was held there against her will by CNA Nikki. Dkt. No. 1 at 3. It alleged that while committed, the plaintiff was subject to cruel and unusual

punishment by CNA Nikki and that she was verbally abused. Id. The plaintiff alleged that she was in Milwaukee County Behavioral Health for three weeks, and that for two of those weeks she was comatose due to being drugged and that she was forced, without counsel and without seeing a judge, to sign a six-month commitment. Id. The plaintiff also alleged that after her release, Jennifer Nichols called her house and threatened that the plaintiff would be thrown back in if she did not take drugs that were harming her. Id. at 4.

The "updated claim" appears to raise new issues that do not arise from the same transaction or occurrence as the claims in the original complaint. The plaintiff complains about being stalked by people who tried to collect rent and Social Security checks on her behalf, about county officials hanging up on her or refusing to take action, that people took control of her HSED and other educational credentials and that people have damaged her reputation. These claims do not appear to relate to the plaintiff's claim that she was abused while in Milwaukee County Behavioral Health.

The court understands that the plaintiff is representing herself and is not a lawyer. Although a court must "liberally" construe a document filed by a self-represented person and a complaint filed by a self-represented person "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers," Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)), "it is well established that [self-represented] litigants are not excused from compliance with procedural rules," Pearle Vision, Inc. v. Romm, 541 F.3d 751, 758 (7th Cir. 2008). The

"updated claim" does not comply with the federal procedural rules or this court's local procedural rules.

The court will grant the defendant's motion to strike, dkt. no. 19, and will strike the "updated claim" under Fed. R. Civ. P. 12(f). The operative complaint is the complaint filed on June 16, 2020. Dkt. No. 1.

C.  Plaintiff's Motion to Appoint Counsel (Dkt. No. 15)

The plaintiff also asks the court to appoint a lawyer to represent her because the defendants argue that she is mentally ill (a fact she disputes). Dkt. No. 15.

In a civil case, the court has discretion to recruit a lawyer for individuals who cannot afford to hire one. Navejar v. Iyola, 718 F.3d 692, 696 (7th Cir. 2013); 28 U.S.C. § 1915(e)(1); Ray v. Wexford Health Sources, Inc., 706 F.3d 864, 866-67 (7th Cir. 2013). "[D]eciding whether to recruit counsel 'is a difficult decision: Almost everyone would benefit from having a lawyer, but there are too many indigent litigants and too few lawyers willing and able to volunteer for these cases.'" Henderson v. Ghosh, 755 F.3d 559, 564 (7th Cir. 2014) (quoting Olson v. Morgan, 750 F.3d 708, 711 (7th Cir. 2014)).

In exercising its discretion, the court must consider two things: "(1) 'has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so,' and (2) 'given the difficulty of the case, does the plaintiff appear competent to litigate it [her]self?'" Eagan v. Dempsey, 987 F.3d 667, 682 (7th Cir. 2021) (quoting Pruitt v. Mote, 503 F.3d 647, 654-55 (7th Cir. 2007)). And, given the scarcity of *pro bono* counsel resources, the

11

Case 2:20-cv-00910-PP   Filed 11/07/22   Page 11 of 18   Document 25

court may also consider the merits of a plaintiff's claim and what is at stake. Watts v. Kidman, No. 21-1055, 2022 WL 3038877, at *6 (7th Cir. Aug. 2, 2022).

To satisfy the first prong, the court must determine that a plaintiff made a good faith effort to hire counsel. Pickett v. Chi. Transit Authority, 930 F.3d 869, 871 (7th Cir. 2019). "This is a mandatory, threshold inquiry that must be determined before moving to the second inquiry." Eagan, 987 F.3d at 682.

"The second inquiry requires consideration of both the factual and legal complexity of the plaintiff's claims and the competence of the plaintiff to litigate those claims." Eagan, 987 F.3d at 682. When considering the second prong, the court "must examine the difficulty of litigating specific claims and the plaintiff's individual competence to litigate those claims without counsel." Pennewell v. Parish, 923 F.3d 486, 490 (7th Cir. 2019). The court looks at "whether the difficulty of the case, factually, legally, and practically, exceeds the litigant's capacity as a layperson to coherently litigate the case." Id. This includes "all tasks that normally attend litigation," such as "evidence gathering, preparing and responding to court filings and motions, navigating discovery, and putting on a trial." Id. at 490-91. The court "must consider the plaintiff's literacy, communication skills, education level, litigation experience, intellectual capacity, psychological history, physical limitations and any other characteristics that may limit the plaintiff's ability to litigate the case." Id. at 491. In situations where the plaintiff files her motion in the early stages of the

case, the court may determine that it is "impossible to tell whether [the plaintiff] could represent [herself] adequately." Pickett, 930 F.3d at 871.

The court will deny the plaintiff's motion to appoint counsel. The plaintiff has presented no evidence that she has tried to find a lawyer on her own. Even if she had, the plaintiff has not demonstrated that at this stage, it is beyond her capabilities to represent herself. She asserts that the *defendants* believe that she is mentally ill, but she denies that she is mentally ill. She has filed several pleadings, all of which are articulate. While the court may not always be able to follow the chronology of the events she describes, or make out who the plaintiff believes committed the acts she describes, her pleadings are not incomprehensible. She was able to confer with opposing counsel to prepare the Rule 26(f) plan and it also appears that she has engaged in some discovery.

The court will deny without prejudice the plaintiff's motion to appoint counsel. Dkt. No. 15. If there comes a time when the litigation becomes too complex or difficult for the plaintiff to handle on her own, she may renew her motion.

## II. Plaintiff's Motion to Strike (Dkt. No. 21)

On July 13, 2022, the court received from the plaintiff a document titled "Requested Information. Witness list. Objection." Dkt. No. 20. The document stated that the plaintiff objected to providing "**all** medical records and requesting that the court in the interest of justice I respectfully request an amendment, to only documents generated by the Milwaukee County behavioral

health complex." Id. The plaintiff attached exhibits, which appear to be her answers to interrogatories. Id. at 2-16.

The court did not take action on this document. It was not styled as a "motion," which is what a person should file if she wants the court to do something. But more to the point, the plaintiff filed this lawsuit. When a party asks to use the court system to resolve disputes, that party must comply with the court system's rules. The Federal Rules of Civil Procedure allow parties to demand information—including medical records in cases where they are relevant—from the other side. The plaintiff made her health and her medical records an issue by alleging that she was falsely committed to the Milwaukee County Behavioral Health Center.

Generally, the Rules of Civil Procedure encourage liberal discovery, but Rule 26 allows a party opposing a discovery request to move for a protective order to "protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense;" the court may forbid the discovery, or specify that it take place in a certain way, or limit it. Fed R. Civ. P. 26(c)(1). If the plaintiff believes that she requires a protective order before turning over her medical records in discovery, she first must confer with opposing counsel in a good faith effort to resolve the issue without court involvement. Once she has conferred with opposing counsel in good faith, she must file a motion for a protective order and must include with the motion a certification that she has done so. Fed. R. Civ. P. 26(c)(1). At this point, however, the plaintiff has not

14

asked the court for a protective order, the defendant has not filed a motion to compel and the deadline for discovery has passed.

Less than a month after the court received the plaintiff's "objection," the court received from the plaintiff a "motion to strike from the record any claims made, by Dr. Noah Jeanette Due to a failure of do diligence to investigate claims made to him by myself Brandy Bond informing him that it was in fact Nina Bond who drove recklessly and murdered a woman." Dkt. No. 21 at 1. The plaintiff suggests that the Milwaukee Police Department documented the incident but that Dr. Jeanette deemed it a "delusion." Id. According to the plaintiff, Dr. Jeanette "based his negligent diagnosis and failure to investigate As justification to over prescribe debilitating Psychotropics based on the testimony of one individual with a crack addiction (which in itself is a mental illness) whom had actually committed a vehicular homicide within two years of accusing me of driving recklessly." Id. The plaintiff also asks the court to order Milwaukee County to enter settlement agreements. Id. The motion says that the plaintiff is asking for $2 million for pain and suffering and punitive damages, together with travel expenses and the costs of displacement. Id. at 3. The plaintiff continues to assert that Nina Bond—whom the court dismissed as a defendant—is a "known murderer." Id. The plaintiff attached twenty-three pages of exhibits. Dkt. No. 21-1.

Defendant Nichols opposes the motion, asserting that it has "no basis in law or fact" and that it is frivolous under Rule 11. Dkt. No. 22 at 1. The defendant points out that Dr. Noah Jeanette is not a party to the lawsuit, never

15

has been identified in the litigation and has not made any claims in the lawsuit. Id. The defendant argues that the court has no authority to force Milwaukee County to enter into settlement agreements. Id. at 2. The defendant clarifies that she is not seeking Rule 11 sanctions at this time but says that she will do so if the plaintiff continues to file pleadings "which have no basis in law or fact or are otherwise frivolous." Id.

The court will deny the motion to strike. Dkt. No. 21. The court cannot strike something that does not exist. Dr. Jeanette is not a defendant and has not filed anything in this lawsuit, so there is nothing for the court to strike. As to the plaintiff's request that the court order Milwaukee County to enter into settlement agreements, Milwaukee County is not a defendant in this case, and even if it were, the court does not have the authority to force Milwaukee County (or anyone else) to enter into settlement agreements. If the plaintiff wants to discuss settlement with defendant Nichols, she is free to do so, but it is defendant Nichols' choice whether to settle.

### III. Plaintiff's Motion for Requests for Admission (Dkt. No. 23)

On October 20, 2022, the court received from the plaintiff a motion for requests for admissions. Dkt. No. 23. The document appears to be a discovery request, asking defendant Jennifer Nichols to admit various facts. Along with the motion, the court received from the plaintiff an article from an unidentified publication by someone named D.L. Rosenhan titled "Being Sane in Insane Places;" the plaintiff included a cover sheet with the name of her case, the case

16

number, the word "Discovery," and the words "Professional Study." Dkt. No. 23-1 at 1-8. The court also received the plaintiff's medical records. Dkt. No. 24.

Although the defendant has not yet had the opportunity to respond, the court will deny the motion. Litigants serve discovery demands, and discovery responses, on *each other*; they do not file them with the court. Fed. R. Civ. P. 5(d)(2) ("disclosures under Rule 26(a)(1) or (2) and the following discovery requests and responses must not be filed until they are used in the proceeding or the court orders filing: depositions, interrogatories, requests for documents or tangible things . . ., and requests for admission.). If the plaintiff wanted defendant Nichols to respond to requests for admission, she should have served them on defendant Nichols. She also should have served her responses to defendant Nichols' discovery demands on defendant Nichols. The court also notes that the deadline for *completing* discovery was October 21, 2022. That means that any party serving the other side with a request for admission was required to serve it on the other side in time for the other side to have an opportunity to respond. Fed. R. Civ. P. 36(a)(3) gives a party thirty days after being served with requests for admission to respond to those requests. The plaintiff filed her requests for admission *one day* before the deadline for completing discovery; even if she had properly served defendant Nichols, that would have given Nichols only *one day* to respond, in violation of Rule 36. And the plaintiff never has asked the court to extend the discovery deadline.

As the court has noted, a self-represented person is not excused from complying with procedural rules. The plaintiff's motion does not comply with the federal procedural rules and the court will deny it. Dkt. No. 23.

## IV. Conclusion

The court **DENIES WITHOUT PREJUDICE** the plaintiff's motion to amend complaint. Dkt. No. 15.

The court **DENIES WITHOUT PREJUDICE** the plaintiff's motion to appoint counsel. Dkt. No. 15.

The court **GRANTS** the defendant's Rule 7(h) expedited non-dispositive motion to strike "Updated Claim." Dkt. No. 19. The court **STRIKES** the updated claim under Fed. R. Civ. P. 12(f). Dkt. No. 18. The complaint at Dkt. No. 1 is the operative complaint.

The court **DENIES** the plaintiff's motion to strike. Dkt. No. 21.

The court **DENIES** the plaintiff's motion for requests for admission. Dkt. No. 23.

Dated in Milwaukee, Wisconsin this 7th day of November, 2022.

**BY THE COURT:**

**HON. PAMELA PEPPER**
**Chief United States District Judge**

18

Case 2:20-cv-00910-PP   Filed 11/07/22   Page 18 of 18   Document 25