UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

BRANDY L. BOND,

    Plaintiff,

v.

                                         Case No. 20-cv-910-pp

JENNIFER NICHOLS and CNA NIKKI,

    Defendants.

---

**ORDER DENYING PLAINTIFF'S MOTION FOR ENTRY OF DEFAULT (DKT. NO. 34) AND PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT (DKT. NO 35)**

---

On December 6, 2021, the court granted the plaintiff's motion for leave to proceed without prepaying the filing fee and ordered the United States Marshals Service to serve a copy of the order and the plaintiff's complaint on defendants Jennifer Nichols and the CNA known as Nikki. Dkt. No. 6. The U.S. Marshal emailed the packet to the defendant Nikki's employer, noting that Nikki was someone who had worked at the Milwaukee County Behavioral Health Division on or about April 24, 2020. Dkt. No. 11. The Milwaukee County Behavioral Health Division returned the unexecuted waiver because it was unable to locate a "Nikki" and needed additional information. Id. The court has no additional information regarding Nikki, the plaintiff has provided no additional identifying information and Nikki has not been served.

On December 5, 2022, the plaintiff filed a motion for entry of default, dkt. no. 34, and a motion for default judgment as to CNA Nikki, dkt. no. 35.

1

The plaintiff also filed an affidavit in support of the motions asserting that the Milwaukee County Behavioral Health Services "refused to give any identity information on Nikki," dkt. no. 36 at ¶4, and that it should be sufficient that Milwaukee County Behavioral Health Services is "fully aware of the claim," id. at ¶6. That's not how default works. The court cannot enter default under Federal Rule of Civil Procedure 55 or grant a default judgment under Federal Rule of Civil Procedure 56 against a defendant who never has been properly served under Federal Rule of Civil Procedure 4(c). Without proper service or an executed waiver of service, the court does not have personal jurisdiction over the defendant identified as "CNA Nikki." Silva v. City of Madison, 69 F.3d 1368, 1376 (7th Cir. 1995). Actual notice is insufficient to satisfy Rule 4's requirements. McMasters v. United States, 260 F.3d 814, 817 (7th Cir. 2001) (citing Mid–Continent Wood Prod., Inc. v. Harris, 936 F.2d 297, 301–02 (7th Cir. 1991)).

The court **DENIES** the plaintiff's motion for entry of default. Dkt. No. 34.

The court **DENIES** the plaintiff's motion for default judgment. Dkt. No. 34.

Dated in Milwaukee, Wisconsin this 26th day of January, 2023.

BY THE COURT:

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**