UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

BRANDY L. BOND,

        Plaintiff,

  v.

CNA NIKKI,

        Defendant.

Case No. 20-cv-910-pp

**ORDER DENYING PLAINTIFF'S MOTION FOR LEAVE TO APPEAL WITHOUT PREPAYING FILING FEE (DKT. NO. 48)**

On March 31, 2024, the court issued an order granting defendant Jennifer Nichols's motion for summary judgment and ordering the plaintiff to show cause why the court should not dismiss the sole remaining defendant, identified only as "CNA Nikki." Dkt. No. 46 at 52-53. On April 23, 2024, the plaintiff filed a notice of appeal, challenging the March 31 order. Dkt. No. 47. With her notice of appeal, the plaintiff also filed a motion for leave to appeal without prepaying the filing fee. Dkt. No. 48.

A party seeking to appeal a district court order without prepaying the appellate filing fee must file a motion with an affidavit that (1) shows the party's inability to pay or to give security for fees and costs; (2) claims an entitlement to relief; and (3) states the issues that the party intends to present on appeal. Federal Rule of Appellate Procedure 24(a)(1); 28 U.S.C. §1915(a)(1). A party's affidavit must "include[] a statement of all assets [the movant]

1

possesses and that [the movant] is unable to pay such fees." Sandgren v. McDonough, Case No. 23-CV-923, 2023 WL 8376286, at *1 (E.D. Wis. Nov. 8, 2023).

The Seventh Circuit also has held that a district court may not grant a motion for leave to appeal without prepaying the filing fee where the appeal is "not taken in good faith," meaning that it is based on "a claim that no reasonable person could suppose to have any merit." Lee v. Clinton, 209 F.3d 1025, 1026 (7th Cir. 2000) (quoting 28 U.S.C. §1915(a)(3)). "A district court should not apply an inappropriately high standard when making a good faith determination." Riley v. Waterman, Case No. 20-cv-1252-pp, 2023 WL 3098454 (E.D. Wis. Apr. 26, 2023) (citing Pate v. Stevens, 163 F.3d 437, 439 (7th Cir. 1998)). "An appeal taken in 'good faith' is one that seeks review of any issue that is not frivolous, meaning that it involves 'legal points arguable on their merits.'" Id. (quoting Howard v. King, 707 F.2d 215, 219-20 (5th Cir. 1983) and citing Coppedge v. United States, 369 U.S. 438, 445 (1962)).

An appeal is not taken in good faith when it "seeks to appeal a non-final, non-appealable order." Stryker v. Cromwell, Case No. 22-cv-1243, 2023 WL 6520379, at *2 (E.D. Wis. Sept. 18, 2023). The federal courts of appeal have jurisdiction over final decisions of the federal district courts. See 28 U.S.C. §1291. "A final decision is one that 'ends the litigation on the merits, leaving nothing for the [district] court to do but execute the judgment.'" P.H. Glatfelter Co. v. Windward Prospects Ltd., 847 F.3d 452, 455 (7th Cir. 2017) (quoting Midland Asphalt Corp. v. United States, 489 U.S. 794, 798 (1989).

The plaintiff did not appeal in good faith because her appeal does not challenge a "final decision." See 28 U.S.C. §1291; Stryker, 2023 WL 6520379, at *2; P.H. Glatfelter Co., 847 F.3d at 455 ("A final decision is one that 'ends the litigation on the merits, leaving nothing for the [district] court to do but execute the judgment.'" (quoting Midland Asphalt Corp., 489 U.S. at 798)). The March 31 order stated that the court "w[ould] give the plaintiff a final chance to obtain and provide sufficient information to allow 'CNA Nikki' [the only remaining defendant] to be served." Dkt. No. 46 at 46. The court did not dismiss the plaintiff's case; it advised her that it *would* dismiss the case if the plaintiff did not file "a written document explaining why the court should not dismiss 'CNA Nikki,' and this case" by "the end of the day on April 26, 2024[.]" Id. at 53. The court stated, "[i]f the court receives the written document from the plaintiff by the end of the day on April 26, 2024, *it will review it to determine whether the plaintiff has sufficiently stated a reason why the court should not dismiss 'CNA Nikki.'*" Id. at 52 (emphasis added). This means the March order was not self-effectuating; it gave the plaintiff the opportunity to file a written explanation on or before April 26, 2024, and said it would review such an explanation before deciding whether to dismiss the case. ("When a judge conditionally dismisses a suit, but gives the plaintiff time to fix the problem that led to dismissal . . ., the order becomes an appealable 'final decision' once the time for correction has expired, whether or not the court enters a final judgment." Davis v. Advoc. Health Ctr. Patient Care Exp., 523 F.3d 681, 683 (7th Cir. 2008) (emphasis added).

3

In fact, the court received a written explanation from the plaintiff on April 23, 2024, dkt. no. 52; the court will review the sufficiency of that explanation before deciding whether to dismiss defendant CNA Nikki and this case. But the plaintiff's filing of a notice of appeal on April 23, 2024 has caused another problem. "The filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." Griggs v. Provident Consumer Disc. Co., 459 U.S. 56, 58 (1982). When the plaintiff filed her April 23, 2024 notice of appeal, she conferred jurisdiction on the Seventh Circuit Court of Appeals and divested this court of jurisdiction to consider her written explanation. The court cannot review the sufficiency of that explanation until the plaintiff's appeal is resolved.

The court **DENIES** the plaintiff's motion for leave to appeal without prepaying the filing fee. Dkt. No. 48

Dated in Milwaukee, Wisconsin this 29th day of April, 2024.

**BY THE COURT:**

**HON. PAMELA PEPPER**
**Chief United States District Judge**