BRANDY L. BOND,

        Plaintiff,

  v.                                       Case No. 20-cv-910-pp

CNA NIKKI,

        Defendant.

## ORDER DISMISSING DEFENDANT "CNA NIKKI" AND DISMISSING CASE

### I.    Background

Over four years ago, on June 16, 2020, the plaintiff—representing herself—filed a complaint, alleging that several individuals violated her rights by colluding to have her committed to a mental health facility and then forcibly drugging her. Dkt. No. 1. In its screening order, the court dismissed all the defendants named in the complaint except Jennifer Nichols and a "CNA known as Nikki[,]" both of whom the plaintiff alleged to have been Milwaukee County Behavioral Health Division employees at the time of the events described in the complaint. Dkt. No. 6 at 8.

The court ordered the United States Marshals Service to serve Nichols and the "CNA known as Nikki[.]" Id. The Marshals Service was able to serve Nichols but was "unable to locate" the "CNA known as Nikki[.]" See Dkt. Nos. 9; 11. In its subsequent order denying the plaintiff's motion for entry of default against "CNA Nikki," dkt. no. 34, and her motion for default judgment against

1

"CNA Nikki," dkt. no. 35, the court explained that the Behavioral Health Division had "returned the unexecuted waiver because it was unable to locate a 'Nikki' and needed additional information." Dkt. No. 43 at 1. The court explained that it "ha[d] no additional information regarding Nikki, the plaintiff ha[d] provided no additional identifying information and Nikki ha[d] not been served." Id.

On March 31, 2024, the court issued an order that, among other things, granted defendant Nichols's motion for summary judgment. Dkt. No. 46 at 46. In that order, the court addressed the issue of "CNA Nikki," the only defendant remaining in the lawsuit. The court observed that since January 26, 2023 when the court had denied the plaintiff's request for default and motion for default judgment, the plaintiff "ha[d] not provided the court with any additional identifying information for 'CNA Nikki' or filed a certificate of service." Id. at 46-49. The court explained that "Rule 4(m) says that if a plaintiff has not served a defendant within ninety days after the complaint was filed the court, 'on motion *or on its own after notice to the plaintiff*,' must dismiss the case without prejudice against the unserved defendant." Id. at 50 (emphasis in original) (quoting Fed. R. Civ. P. 4(m)). The court conceded that it "never ha[d] given the plaintiff notice that [the court] could dismiss 'CNA Nikki' as a defendant if the plaintiff did not provide sufficient information to allow the Marshals Service to serve 'CNA Nikki.'" Id. The court opined that it had committed an error by

> failing to make clear to the plaintiff that: (a) the fact that the Behavioral Health Division knows about the lawsuit is not sufficient to constitute "service" on "CNA Nikki," (b) it is not the Marshals Service's responsibility to conduct an investigation to figure out who

"CNA Nikki" is or where he/she can be served, (c) it is the plaintiff's responsibility to provide sufficient information to allow the Marshals Service to serve the defendants and (d) if the plaintiff does not provide that information, the court may—on its own—dismiss "CNA Nikki" as a defendant.

Id. at 51-52. The court stated, however, that it was "making those things clear now[,]" and it "require[d] the plaintiff to file a written document telling the court why it should not dismiss 'CNA Nikki' for the plaintiff's failure to provide sufficient information to allow the Marshals Service to serve 'CNA Nikki.'" Id. at 52. The court explained, "[i]f the court does not receive the written document by the end of the day on **April 26, 2024**, the court will dismiss 'CNA Nikki,' and this case, without further notice or hearing." Id. (emphasis in original). It said that "[i]f the court receives the written document from the plaintiff by the end of the day on April 26, 2024, it will review it to determine whether the plaintiff has sufficiently stated a reason why the court should not dismiss 'CNA Nikki.'" Id.

On April 23, 2024, the court received from the plaintiff a document titled "Ordered Response."[1] Dkt. No. 52. In this document, the plaintiff provided the following identifying information about "CNA Nikki":

> "CNA Nikki" [] was under the charge of Concetta Iacono RN. . . . "CNA Nikki" was a 5"6" to 5"7" what appears to be black female. Between 135 and 145 pounds. CNA Nikki was wearing

---

[1] Also on April 23, 2024, the court received from the plaintiff a notice of appeal, dkt. no. 47, which divested this court of jurisdiction until the resolution of the plaintiff's appeal. See Griggs v. Provident Consumer Disc. Co., 459 U.S. 56, 58 (1982) ("The filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal."); Kilty v. Weyerhaeuser Co., 758 F. App'x 530, 532-33 (7th Cir. 2019) (citing Griggs for the same principle).

3

scrubs that were turquoise pants and a floral print top. Her hair was straight, black and extended to the edge of her neck. She has a very distinctive voice.

Id. at 1. The plaintiff then reiterated her substantive claims, asserting that "[t]he CNA, Nurse Concetta Iacono[2] and employees of Milwaukee county behavioral health inflicted cruel and unusual punishment upon [her] under the employment of a government agency." Id. at 2. The plaintiff asserted that "Milwaukee county health never had the right to hold [her] beyond 72 hours according to state and federal law and the CNA's negligence and malice prolonged that time by Performing a negligent, malice act of falsifying documents and administering drugs against [her] will stopping [her] from attending a commitment hearing." Id. at 4. The plaintiff continued, "Milwaukee county behavioral health was contacted multiple times before original docket one filing and refused to give any information regarding the television news report about Dr. Jeanette Noah not having a medical license[3] or the identity of the CNA." Id. The plaintiff stated that "[u]pon requesting medical records,

---

[2] The plaintiff never has named "Nurse Concetta Iacono" as a defendant in this case. See Dkt Nos. 1, 6, 46. The plaintiff attached to her April 23, 2024 response to the court's order to show cause what appears to be a page of her medical records, which lists "Concetta, Iacono RN" as the entering "practitioner." Dkt. No. 52-1.

[3] Earlier in her April 23, 2024 response to the court's order to show cause, the plaintiff stated that "[a]ccording [to] reportings [sic] aired on Fox 6 news and on the Internet, Dr. Jeanette Noah has been accused of practicing in Wisconsin without a license, after his license was suspended in the state of Florida." Dkt. No. 52 at 3. The plaintiff never has named "Dr. Jeannette Noah" as a defendant in this lawsuit, and it is not clear how the status of Dr. Noah's license is relevant to the issue of whether the court should dismiss "CNA Nikki" from this lawsuit.

4

Milwaukee county behavioral health told [her] that [she] would need to show up there in person and at that point [she] would be taken into custody against federal law, not being a threat to [her]self or other." Id.

## II. Analysis

The plaintiff has not sufficiently explained "why [the court] should not dismiss 'CNA Nikki' for the plaintiff's failure to provide sufficient information to allow the Marshals Service to serve 'CNA Nikki.'" Dkt. No. 46 at 52. Although the plaintiff provides the court with various pieces of identifying information about "CNA Nikki" in her "ordered response" (details about "CNA Nikki's" physical appearance, for example), dkt. no. 52 at 1, she has not explained why she did not provide these details earlier in the lawsuit. Nor has the plaintiff describe any efforts she made to learn the identity of "CNA Nikki." See Dkt. No. 52. At most, it seems that the plaintiff "contacted" Milwaukee County Behavioral Health "multiple times *before* original docket one filing[,]" but she alleges that Milwaukee County Behavioral Health "refused to give any information regarding . . . the identity of the CNA." Id. at 4 (emphasis added). The plaintiff has not explained what efforts she took *after* filing her complaint on June 16, 2020, dkt. no. 1, *after* the court issued its screening order on December 6, 2021, dkt. no. 6, or *after* the court denied her motion for default judgment on January 26, 2023, dkt. no. 43. For example, the plaintiff does not indicate that she used any discovery tools—such as interrogatories, document requests or third-party subpoenas—to determine the identity of "CNA Nikki." See Westefer v. Snyder, Case No. 00-162, 2008 WL 131166, at *3 (S.D. Ill. Jan.

5

9, 2008) ("[A *pro se* litigant] has at [her] disposal all of the discovery tools furnished by the Federal Rules of Civil Procedure, just as an attorney would."); Soto v. White, Case No. 17-CV-551, 2018 WL 6338753, at *3 (W.D. Wis. Dec. 5, 2018) ("The indigent *pro se* litigant can use all the tools of written discovery . . . .").

The plaintiff has not sufficiently explained why, after several years of litigation, she has not provided the court with information that would allow the Marshals Service to effect service on "CNA Nikki." Under Fed. R. Civ. P. 4(m), the court will dismiss "CNA Nikki" because the plaintiff has not timely provided sufficient information to serve "CNA Nikki." Because "CNA Nikki" is the only defendant remaining in the lawsuit, the court will dismiss the case.

### III. Conclusion

The court **ORDERS** that the case against defendant "CNA Nikki" is **DISMISSED WITHOUT PREJUDICE**. The court **ORDERS** that the case is **DISMISSED** in its entirety. The clerk will enter judgment accordingly.

Dated in Milwaukee, Wisconsin this 23rd day of October, 2024.

**BY THE COURT:**

**HON. PAMELA PEPPER**
**Chief United States District Judge**